IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII MASONS' HEALTH AND WELFARE FUND, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>DYNAMIC INTERIORS, LLC, ET AL. )<br>)<br>Defendants. )<br>_____ ) | CIVIL NO. 14-00434 LEK-RLP<br><br>AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS DYNAMIC INTERIORS, LLC AND EDDIE V. AGUINALDO |

AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS DYNAMIC INTERIORS, LLC AND EDDIE V. AGUINALDO[1]

The Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Entry of Default Judgment Against Defendants Dynamic Interiors, LLC and Eddie V. Aguinaldo, which was filed on January 8, 2015, is hereby re-titled and amended as follows.

Plaintiffs filed their Motion for Default Judgment Against Defendants Dynamic Interiors, LLC and Eddie V. Aguinaldo on December 9, 2014 ("Motion"). ECF No. 12. Defendants were served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion. See ECF No. 12-8. The Court

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 13.

On January 8, 2015, the Court issued its Findings and Recommendation to grant in part and deny in part Plaintiffs' Motion. ECF No. 14. In its Findings and Recommendation, the Court allowed Plaintiffs to file a supplemental declaration regarding attorneys' fees and costs. Id. at 14-15. Plaintiffs filed a timely supplemental declaration requesting a total of $2,788.73 in attorneys' fees and costs. See ECF No. 15 at 3.

The Court issues this Amended Findings and Recommendation, which addresses both the initial Motion and the supplemental declaration regarding attorneys' fees and costs. After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

BACKGROUND

Plaintiffs filed their Complaint against Defendants on September 25, 2014. ECF No. 1, Compl. The Complaint alleges that Defendant Dynamic Interiors, LLC ("Dynamic") entered into a collective bargaining agreement agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work

performed by Defendant Dynamic's covered employees.  Id. ¶¶ 12-
14.  Contributions were to be paid on or before due dates
specified in the collective bargaining agreement.  Id. ¶ 13.
Plaintiffs claim that Defendant Dynamic failed to make required
contributions for the months of September 2003, December 2004,
July 2008, November 2008, March 2009, July 2009, September 2012,
October 2012, November 2012, January 2013, February 2013, and
August 2013.  Id. ¶ 20.  Plaintiffs claim they are entitled to
unpaid contributions, liquidated damages, and attorneys' fees and
costs.  Id. ¶¶ 14-17.

     Plaintiffs allege that Defendant Aguinaldo was a member
or officer of Defendant Dynamic.  Id. ¶ 8.  Plaintiffs allege
that Defendant Dynamic was the alter ego and/or the mere
instrumentality of Defendant Aguinaldo based on "all or some" of
twenty-one "relevant factors" listed by Plaintiffs.  Id. ¶ 22.[2]

---

[2] Plaintiffs list the following "relevant factors":
a) Undercapitalization; b) Failure to observe corporate
formalities; c) Absence of corporate records; d) Insolvency of
corporation at time of transaction; e) Siphoning off of funds by
the dominant shareholder(s); f) Shareholders guarantying
corporate liabilities in their individual capacities;
g) Nonfunctioning officers or directors; h) Lack of officers or
directors; i) Failure to issue stock; j) Absence of consideration
for stock; k) Corporation is a facade of the operation of the
dominant shareholder(s); l) Corporation's inability to meet
payroll and other obligations; m) Commingling of funds or assets;
n) Stripping the corporation of assets in anticipation of
litigation; o) Use of the corporate shell to advance purely
personal ends; p) Treatment of corporate assets as personal
assets; q) Cash advances to shareholders/officers/directors;
r) Advances to corporation by shareholders; s) Undocumented
loans; t) Use of individual rather than corporate checks; and u)
Fraud and misrepresentation with respect to Trust Fund plan

3

Plaintiffs also allege that Defendant Aguinaldo should be held liable for all judgments entered against Defendant Dynamic "based on all or some of the following relevant factors:"

> a) Nonpayment of trust fund obligations by DYNAMIC;
>
> b) Violation of statute or public policy;
>
> c) Misrepresentations by DYNAMIC and/or members/officers/directors; and/or
>
> d) The acting principals of DYNAMIC, were responsible for and ratified administrative decisions exercised on behalf of DYNAMIC, were vested with the authority to exercise discretionary control over the management of the financial responsibilities and business affairs of DYNAMIC, and exercised discretionary control over the management of the financial responsibilities and business affairs of DYNAMIC including, but not limited to, authorizing and tendering the payment of contributions and withholdings due to the funds pursuant to the Bargaining Agreement and trust fund agreements; and/or
>
> e) The acting principals of DYNAMIC intentionally misrepresented to Trust Funds the amount of hours worked by its employees by failing to report and/or transmit contributions in a timely fashion to Trust Funds.

Id. ¶ 23. In addition, Plaintiffs assert a claim for breach of fiduciary duty against Defendant Aguinaldo alleging that he is a "fiduciary under ERISA because he exercised authority or control respecting management of disposition of plan assets." Id. ¶ 27.

---

assets of which Individual Defendant was a fiduciary for the employees covered by the Bargaining Agreement and trust agreements. Id. ¶ 22.

Plaintiffs allege that Defendant Aguinaldo breached his fiduciary duties by intentionally failing to report and/or pay the required contributions.  Id. ¶ 31.  Plaintiffs ask for a monetary award against Defendants and imposition of a constructive trust on the assets of Defendants.  Id. at 14-15.

The Clerk entered default against Defendant Dynamic and Defendant Aguinaldo pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on October 30, 2014.  ECF No. 10.  The present Motion followed.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

5

>     (1)  the possibility of prejudice to the
>          plaintiff;
>
>     (2)  the merits of plaintiff's substantive
>          claim;
>
>     (3)  the sufficiency of the complaint;
>
>     (4)  the sum of money at stake in the action;
>
>     (5)  the possibility of a dispute concerning
>          material facts;
>
>     (6)  whether the default was due to excusable
>          neglect; and
>
>     (7)  the strong policy underlying the Federal
>          Rules of Civil Procedure favoring
>          decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendants. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended. See 29 U.S.C. §§ 1132(e), 1145. Second, the Court has personal jurisdiction over Defendants. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction. Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)). Here, Plaintiffs assert that service was made on Defendant Dynamic through its designated agent Defendant Aguinaldo on October 6, 2014. ECF No. 7. Defendant Aguinaldo was also personally served on October 6, 2014. ECF No. 8. This service is sufficient under 29 U.S.C. § 1132(e)(2) to establish jurisdiction over both Defendant Dynamic and Defendant Aguinaldo.

## B. Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above. The Court will address each factor in turn.

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

### 2. Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.

Regarding Defendant Dynamic, Plaintiffs brought this action against Defendant Dynamic for unpaid contributions. See 29 U.S.C. §§ 1132(a), 1145; Compl. ¶¶ 12-14. The terms of the collective bargaining agreement require Defendant Dynamic Interiors to pay to Plaintiffs certain contributions based on work performed by Defendant Dynamic Interiors' covered employees. Compl. ¶ 12; Exs. A and B to Mot. Defendant Dynamic employed

workers covered by the collective bargaining agreement and those workers performed work for Defendant Dynamic when the collective bargaining agreement was in effect.  Id. ¶ 20.  Defendant Dynamic failed to make required contributions to Plaintiffs.  Id.  The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant Dynamic related to the unpaid contributions.  Accordingly, this factor weighs in favor of default judgment as to Defendant Dynamic.

Regarding Defendant Aguinaldo, the Court finds that the claims against Defendant Aguinaldo are insufficient to establish liability against Defendant Aguinaldo.  Plaintiffs allege that Defendant Aguinaldo should be personally liable for Defendant Dynamic's failure to make the required contributions because Defendant Dynamic "was the alter ego and/or the mere instrumentality" of Defendant Aguinaldo.  Compl. ¶ 22.  Plaintiffs allege that Defendant Dynamic is a Hawaii limited liability company.  ECF No. 1 ¶ 6. Plaintiffs allege that Defendant Aguinaldo was a "member and officer" of Defendant Dynamic.  Id. ¶ 8.  Under Hawaii Revised Statutes Section 428-303(a), a member of a limited liability company "shall not be personally liable for any debt, obligation, or liability of the company solely by reason of being or acting as a member or a manager."  Haw. Rev. Stat. § 428-303(a).  Further, under

9

subsection (b), the failure of a limited liability company to observe the usual company formalities "shall not be a ground for imposing personal liability on the members or managers for liabilities of the company." Haw. Rev. Stat. § 428-303(b). Accordingly, "the standard for piercing the veil of a limited liability company is at least as stringent as that for piercing the veil of a corporation." See Adwalls Media, LLC v. Adwalls, LLC, Civil No. 12-00614 SOM/BMK, 2013 WL 4482501, at *4 (D. Haw. Aug. 20, 2013). The corporate form will only be set aside when "recognition of the corporate fiction would bring about injustice and inequity or when there is evidence that the corporate fiction has been used to perpetrate a fraud." Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Trans. Co., Inc., 982 P.2d 853, 854 (Haw. 1999) (quoting Chung v. Animal Clinic, Inc., 636 P.2d 721, 723 (Haw. 1981)); see also Seymour v. Hull & Moreland Eng'g, 605 F.2d 1105, 1111 (9th Cir. 1979) (listing three factors to be considered in piercing a corporate veil: "the amount of respect given to the separate identity of the corporation by its shareholders, the degree of injustice visited on the litigants by recognition of the corporate entity, and the fraudulent intent of the incorporators").

Here, Plaintiffs do not allege any facts related to their alter ego claim. Instead, Plaintiffs make only conclusory allegations regarding alter ego. As noted above, Plaintiffs allege that Defendant Dynamic was "the alter ego and/or the mere

instrumentality" of Defendant Aguinaldo based on "all or some" of twenty-one "relevant factors" listed by Plaintiffs.  Id. ¶ 22. These twenty-one "relevant factors" are listed, but there are no factual allegations to support any of them.  See id.  Many of the factors listed do not appear to be applicable to a limited liability company or to the issues in this case.  See id. Additionally, Plaintiffs allege that Defendant Aguinaldo should be held liable for any judgment entered against Defendant Dynamic "based on all or some of the following relevant factors" including nonpayment of trust fund obligations, violation of statute or public policy, unspecified "misrepresentations," and that the "acting principals" of Defendant Dynamic were responsible for its business affairs and failed to transmit the required reports or contributions to Plaintiffs.  Id. ¶ 23.  As with the twenty-one factors above, these factors are listed, but not support by any allegations of fact sufficient to pierce the corporate veil.  The Court finds that Plaintiffs' conclusory allegations fail as a matter of law to establish alter ego liability as to Defendant Aguinaldo.

Further, the Court finds that Plaintiffs allegations regarding breach of fiduciary duty are likewise insufficient. Plaintiffs allege that Defendant Aguinaldo is a fiduciary under ERISA.  See Compl. ¶ 27.  "To qualify as an ERISA fiduciary, an individual or entity must either (i) be named or designated as a

fiduciary under the terms of an ERISA plan pursuant to 29 U.S.C. § 1102(a); or (ii) act as a 'functional' or 'de facto' fiduciary with respect to an ERISA plan by exercising discretionary control over the management or administration of the plan or its assets pursuant to 29 U.S.C. § 1002(21)(A)." Carr v. Int'l Game Tech., 770 F. Supp. 2d 1080, 1088 (D. Nev. 2011). Plaintiffs do not allege that Defendant Aguinaldo was a named fiduciary under the plan. Instead, Plaintiffs allege that the contributions owed by Defendant Dynamic were "being held in trust" for the benefit of the plan and therefore, should be considered trust assets. Compl. ¶ 28. Plaintiffs allege that Defendant Aguinaldo breached his fiduciary duties by failing to report and/or pay those contributions. Id. ¶ 31. Plaintiffs' allegations fail as a matter of law. First, Plaintiffs allegation that contributions should be considered plan assets is not supported by Ninth Circuit case law. The Ninth Circuit has held that "[u]ntil the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation." Cline v. The Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1234 (9th Cir. 2000). Second, even assuming that the unpaid contributions could be considered plan assets, Plaintiffs do not allege any facts to support their conclusory allegation that Defendant Aguinaldo exercised authority or control over the disposition of plan

12

assets.  Plaintiffs do not allege any facts regarding Defendant Aguinaldo's responsibilities with respect to contributions collected by Defendant Dynamic Interiors.  Defendant Aguinaldo's status as a "member and officer" of Defendant Dynamic is insufficient to establish that he is a fiduciary.  See 29 C.F.R. § 2509.75-8 (stating that an officer of an employer that sponsors an employee benefit plan is not a fiduciary solely by reason of holding such office).  The Court finds that Plaintiffs' allegations, taken as true, are insufficient to establish that Plaintiffs are entitled to judgment against Defendant Aguinaldo for alter ego liability or for breach of fiduciary duty.  Accordingly, this factor weighs against default judgment as to Defendant Aguinaldo.

### 3. Sufficiency of the Complaint

Regarding Defendant Dynamic, the allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion, which weighs in favor of default judgment as to Defendant Dynamic.  Regarding Defendant Aguinaldo, as detailed above, the allegations in the Complaint are insufficient to establish liability, which weighs against default judgment as to Defendant Aguinaldo.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo,

13

Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $16,346.87 for delinquent contributions and liquidated damages. ECF No. 12-1 at 5-6; ECF No. 12-7. Additionally, Plaintiffs seek attorneys' fees and costs of $2,788.73. ECF No. 12-1 at 6, 9. Plaintiffs' damages request is tailored to Defendant Dynamic's specific wrongful conduct in failing to abide by the terms of the collective bargaining agreement. The Court finds that this factor weighs in favor default judgment against Defendant Dynamic Interiors.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendants have been given a fair amount of time to answer the Complaint and deny the allegations therein; Defendants have not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendants' default was not the result of excusable neglect. Plaintiffs served Defendants on October 6, 2014. ECF No. 9-1. Defendants did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs

served Defendants with notice of this Motion on December 9, 2014. ECF No. 12-8. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendants have not appeared in this matter to date. The record suggests that Defendants' default was not the result of any excusable neglect, but rather due to Defendants' conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. **Policy Favoring Decisions on the Merits**

Defendants' failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendants have failed to defend this action and have consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendants.

### 8. **Totality of Eitel Factors**

Regarding Defendant Dynamic, the Court finds that the totality of the factors weighs in favor of entering default judgment in Plaintiffs' favor and against Defendant Dynamic.

15

Regarding Defendant Aguinaldo, the Court finds that the totality of the factors including the insufficiency of the allegations against Defendant Aguinaldo in the Complaint weighs against entering default judgment against Defendant Aguinaldo.

**C. Damages as to Defendant Dynamic**

Plaintiffs request the following: (1) $14,201.36 in delinquent contributions; (2) $2,145.51 in liquidated damages; and (3) $2,788.73 for attorneys' fees and costs. ECF No. 12-1 at 9. Each category of requested relief is addressed below.

**1. Delinquent Contributions**

Plaintiffs contend that Defendant Dynamic owes delinquent contributions in the amount of $14,201.36. In support of this contention, Plaintiffs submitted a summary of contributions owed which reflects $14,201.36 in outstanding contributions for the months specified in the Complaint. ECF No. 12-7. The Court finds Plaintiffs have established damages in the amount of $14,201.36 for delinquent contributions.

**2. Liquidated Damages**

Plaintiffs seek liquidated damages of $2,145.51. This amount is also itemized on the summary. ECF No. 12-7. The collective bargaining agreement and 29 U.S.C. § 1132(g)(2)(C) provide that Plaintiffs are entitled to recover liquidated damages equal to ten percent of delinquent trust fund contributions. See Ex. B to Motion at 4; 29 U.S.C.

§ 1132(g)(2)(C). Based on Plaintiffs' documentation, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established liquidated damages in the amount of $2,145.51.

**3. Attorneys' Fees and Costs**

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. Additionally, the collective bargaining agreement requires Defendant Dynamic to pay "reasonable attorney's fees and costs." Ex. B to Motion at 4. Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted). Here, Plaintiffs request $2,788.73 for attorneys' fees, costs, and taxes. ECF No. 15, Decl. of Jared N. Kawashima, ¶ 8.

Although Plaintiffs request $2,050.50 in attorneys' fees, the documentation provided by Plaintiffs' counsel only

17

reflects $1,543.50 in fees.  See ECF No. 15-1 at 1-4.
Plaintiffs' counsel does not provide an explanation for this
discrepancy in his declaration.  See ECF No. 15.  The Court only
considers the attorneys' fees reflected in the supporting
documentation submitted by Plaintiffs' counsel.

First, the Court finds that the 7.3 hours requested are
reasonable.  See ECF No. 15-1 at 1-4.  Second, regarding a
reasonably hourly rate, Plaintiffs' counsel, Mr. Kawashima, was
admitted to the Hawaii bar in 1994, and requests $250 per hour
for 1.8 of the hours worked and $300 per hour for 0.2 of the
hours worked.  Id.  Based on this Court's knowledge of the
community's prevailing rates, the nature of the underlying
litigation, and counsel's submissions, the Court finds that $300
per hour is excessive and that $275 per hour is reasonable for
Mr. Kawashima.  Plaintiffs also request $195 per hour for 5.3
hours worked by "A1," presumably an associate working for Mr.
Kawashima.  Id. at 4.  Plaintiffs' counsel did not provide any
information to the Court regarding the identity or experience of
this attorney.  See ECF No. 15.  Plaintiffs' counsel's website
states that he has one associate working for him who graduated
from law school in 2013.  Based on the information available to
the Court, the Court finds that $195 per hour is excessive for an
associate with one year of experience and reduces the rate to
$150 per hour.  Accordingly, the Court finds that the following

attorneys' fees are reasonable:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jared N. Kawashima, Esq. | 1.8<br>0.2 | $250.00<br>$275.00 | $450.00<br>$55.00 |
| "A1" | 5.3 | $150.00 | $795.00 |
| SUBTOTAL | | | $1,300.00 |
| *Hawaii General Excise Tax of 4.712%* | | | $61.26 |
| TOTAL | | | $1,361.26 |

Plaintiffs also request $639.01 in costs for copying, process server fees, postage, messenger fees, and filing fees. ECF No. 15-1 at 1-4. Plaintiffs request $2.61 in taxes on these costs. Id. The Court finds that the costs and taxes requested by Plaintiffs are reasonable. In total, the Court recommends that the district court award $2,002.88 in attorneys' fees, costs, and taxes.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART as follows:

(1) Plaintiffs' request for default judgment against Defendant Dynamic Interiors, LLC be GRANTED;

(2) Plaintiffs' request for default judgment against Defendant Eddie V. Aguinaldo be DENIED;

(3) Plaintiffs be awarded damages in the amount of $14,201.36 for delinquent contributions and $2,145.51 for

liquidated damages against Defendant Dynamic Interiors, LLC.

      (4)  Plaintiffs be awarded $2,002.88 for attorneys' fees, costs, and taxes against Defendant Dynamic Interiors, LLC.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 15, 2015.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**HAWAII MASONS' HEALTH AND WELFARE FUND, ET AL. v. DYNAMIC INTERIORS, LLC, ET AL.; CIVIL NO. 14-00434 LEK-RLP; AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS DYNAMIC INTERIORS, LLC AND EDDIE V. AGUINALDO**