IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII MASONS' HEALTH AND WELFARE FUND, ETC., ET AL., | ) ) | CIVIL 14-00434 LEK-RLP |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DYNAMIC INTERIORS, LLC, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANT EDDIE V. AGUINALDO**

Before the Court is Plaintiffs' Motion for Summary Judgment Against Defendant Eddie V. Aguinaldo ("Motion"), filed on June 9, 2016.  [Dkt. no. 47.]  Defendant Eddie V. Aguinaldo ("Aguinaldo") did not respond to the Motion.  On August 2, 2016, this Court issued an entering order ("8/2/16 EO") that, among other things, found the Motion suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  [Dkt. no. 49.]  After careful consideration of the Motion, supporting materials, and the relevant legal authority, Plaintiffs' Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiffs, the trustees of the masons and plasterers trust funds ("the Trust Funds"), filed their Complaint on

September 25, 2014.  [Complaint at ¶ 1.]  The Complaint alleges the following claims: Defendant Dynamic Interiors LLC ("Dynamic") failed to make required contributions that it owed to the Trust Funds pursuant to various trust agreements and the Employee Retirement Security Act of 1974 ("ERISA") ("Count I"); Aguinaldo is individually liable for any judgment entered against Dynamic because he is the alter ego of Dynamic ("Count II");[1] Aguinaldo is individually liable because he breached his fiduciary duties under the trust agreements, ERISA, and ERISA regulations ("Count III"); and a claim seeking the imposition of a constructive trust on the assets of Dynamic and/or Aguinaldo ("Count IV").

Plaintiffs moved for, and obtained, entry of default against Dynamic and Aguinaldo.  [Dkt. nos. 9, 10.]  Plaintiffs filed a motion for default judgment on December 9, 2014.  [Dkt. no. 12.]  The magistrate judge ultimately recommended that the motion be granted as to Dynamic, and denied as to Aguinaldo.  The magistrate judge recommended that Plaintiffs be awarded the following amounts against Dynamic: $14,201.36 for delinquent contributions; $2,145.51 for liquidated damages; and $2,002.88

---

[1] According to the Complaint, at all relevant times, Aguinaldo "was a member and officer of Dynamic," and "was in a position to exert influence over the financial and business affairs of Dynamic."  [Complaint at ¶¶ 8, 21 (emphases omitted).] Count II also contains additional allegations regarding the alter ego claim.  [Id. at ¶¶ 22-24.]

for attorneys' fees, costs, and taxes – for a total award of
$18,349.75.  [Dkt. no. 16.]  On February 3, 2015, this Court
issued an order adopting the magistrate judge's findings and
recommendation ("2/3/15 Order").  [Dkt. no. 17.]  Thus, only the
claims against Aguinaldo remained.

On October 28, 2015, the magistrate judge issued an
Order to Show Cause ("10/28/15 OSC") why Dynamic should not be
held in contempt for failing to comply with a July 8, 2015
subpoena duces tecum ("Subpoena").  The 10/28/15 OSC required
Dynamic's custodian of records to appear at a hearing on
November 25, 2015 to show cause why Dynamic should not be held in
contempt.  [Dkt. no. 28.]  Aguinaldo appeared at the November 25,
2015 hearing, and the magistrate judge informed him that he had
to comply with the Subpoena by December 7, 2015.  [Dkt. no. 32.]
On December 12, 2015, Plaintiffs filed a status report, stating
that Plaintiffs' counsel agreed to an extension until December 9,
2015, but Aguinaldo did not submit all of the required documents.
[Dkt. no. 33.]  The magistrate judge held a further hearing on
the 10/28/15 OSC on December 15, 2015.  [Dkt. no. 34.]

On December 16, 2015, the magistrate judge issued the
Certification of Facts Regarding Defendant Dynamic Interiors,
LLC's Failure to Comply with Subpoena and Order to Show Cause
("12/16/15 OSC").  [Dkt. no. 35.]  On February 12, 2016, this
Court ordered Dynamic to appear at a hearing on March 9, 2016 to

3

show cause why it should not be held in civil or criminal contempt for failing to comply with the Subpoena. [Dkt. no. 38.] Neither Aguinaldo nor any other representative of Dynamic appeared at the March 9, 2016 hearing. [Dkt. no. 41.] Plaintiffs' counsel orally moved for sanctions against Dynamic for its failure to appear.

On May 26, 2016, this Court issued the Order Granting in Part and Denying in Part Plaintiffs' Request for Sanctions Against Defendant Dynamic Interiors LLC ("5/26/16 Order"). [Dkt. no. 46.] Based on the certified facts in the 12/16/15 OSC, this Court found that Dynamic is the alter ego of Aguinaldo, and concluded that civil contempt sanctions were warranted for Dynamic's failure to comply with the Subpoena. [5/26/16 Order at 3-4.] This Court awarded Plaintiffs a total of $2,294.88 in attorneys' fees and costs that they incurred as a result of Dynamic's failure to comply with the Subpoena. [Id. at 10.]

In the instant Motion, Plaintiffs argue that, based on the alter ego finding in the 5/26/16 Order, there is no genuine issue of material fact, and they are entitled to summary judgment against Aguinaldo. They seek summary judgment on the issue of liability against Aguinaldo in the amount of $18,349.75, pursuant to the 2/3/15 Order, and in the amount of $2,294.88, pursuant to the 5/26/16 Order. [Mem. in Supp. of Motion at 7.]

On August 2, 2016, this Court issued an entering order ("8/2/16 EO"), stating that it was inclined to grant the Motion as to Count II, but that it was inclined to deny the Motion as to Counts III and IV because it was inclined to find that there were genuine issues of material fact which preclude summary judgment as to those claims.  [Dkt. no. 49.]  The 8/2/16 EO allowed Plaintiffs to file a supplemental memorandum addressing Counts III and IV.  It also stated that Plaintiffs could advise the Court that they would voluntarily dismiss their claims against Aguinaldo in Counts III and IV.

On August 12, 2016, Plaintiffs filed a Notice of Dismissal with Prejudice Regarding Counts III and IV of the Complaint Filed on September 25, 2014 ("Notice of Dismissal"). [Dkt. no. 50.]

## DISCUSSION

Fed. R. Civ. P. 41(a)(1)(A)(i) states that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Aguinaldo has not filed an answer or a motion for summary judgment in this case.  Thus, the Notice of Dismissal is effective, and Plaintiffs' claims against Aguinaldo in Counts III and IV are no longer before this Court.  The only remaining claim against Aguinaldo is Count II.

This Court has already found in the 5/26/16 Order that Dynamic is the alter ego of Aguinaldo.  This Court therefore FINDS that there are no genuine issues of material fact as to Count II.  <u>See</u> Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  As alter egos, Dynamic and Aguinaldo are considered the same entity, and this Court therefore CONCLUDES that Aguinaldo is directly liable for Dynamic's obligations arising from Plaintiffs' claim in Count I.  <u>See Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.</u>, 212 F.3d 1031, 1038 (7th Cir. 2000) ("a contention that A is B's 'alter ego' asserts that A and B are the same entity; liability then is . . . direct" (citing <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 492, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996) (applying this principle, initially developed in federal labor law, to ERISA litigation))).  Plaintiffs are entitled to judgment as a matter of law as to Count II, and this Court GRANTS the Motion as to Count II insofar as this Court CONCLUDES that Aguinaldo is liable for the $18,349.75 awarded against Dynamic in the 2/3/15 Order.

Similarly, insofar as Dynamic and Aguinaldo are alter egos, this Court CONCLUDES that Aguinaldo is directly liable for the civil contempt sanction against Dynamic that this Court

6

imposed in the 5/26/16 Order in the amount of $2,294.88.
Plaintiffs are entitled to judgment as a matter of law, and this
Court GRANTS the Motion as to Aguinaldo's liability for the civil
contempt sanction against Dynamic.

<u>CONCLUSION</u>

On the basis of the foregoing, Plaintiffs' Motion for
Summary Judgment Against Defendant Eddie V. Aguinaldo, filed
June 9, 2016, is HEREBY GRANTED.  This Court GRANTS summary
judgment in favor of Plaintiffs against Aguinaldo as to Count II,
the only remaining claim against him.  In addition, this Court
GRANTS summary judgment in favor of Plaintiffs against Aguinaldo
as to his liability for the civil contempt sanction against
Dynamic.

There being no remaining claims in this case, this
Court DIRECTS the Clerk's Office to enter final judgment
immediately in favor of Plaintiffs: 1) against Dynamic as to
Counts I and IV and against Aguinaldo as to Count II, in the
amount of $18,349.75, pursuant to the February 3, 2015 Order
Adopting Magistrate Judge's Findings and Recommendation and the
instant Order; and 2) against Dynamic and Aguinaldo as to the
civil contempt sanction, in the amount of $2,294.88, pursuant to
the May 26, 2016 Order Granting in Part and Denying in Part
Plaintiffs' Request for Sanctions Against Defendant Dynamic
Interiors LLC and the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 20, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

HAWAII MASONS' HEALTH & WELFARE FUND, ET AL. VS. DYNAMIC
INTERIORS, LLC, ET AL; CIVIL 14-00434 LEK-RLP; ORDER GRANTING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST EDDIE V.
AGUINALDO